UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHRISTOPHER DALTON BROWN                                                         PLAINTIFF

VERSUS                                                CIVIL ACTION NO. 1:20CV275-LG-RPM

GWENDOLYN WOODLAND et al                                      DEFENDANTS

## REPORT AND RECOMMENDATIONS

This matter is before the Court *sua sponte*. Plaintiff Christopher Dalton Brown, proceeding *pro se* and *in forma pauperis*, filed on August 21, 2020, a 42 U.S.C. § 1983 prisoner civil rights complaint alleging inadequate medical care for treatment of gender identity disorder. On August 25, 2021, the Court set this matter for a screening hearing to be conducted by video conference on October 4, 2021. Doc. [31]. The notice of hearing was mailed to Plaintiff at his address of record at the Wilkinson County Correctional Facility (WCCF). On September 9, 2021, mail containing the notice of hearing was returned undelivered. Doc. [33] [34]. The undersigned notes that on two previous occasions, notices of electronic filing mailed to Plaintiff's WCCF address were also returned undelivered. *See* Doc. [14] [30]. As the docket reflects, Plaintiff has been advised repeatedly that it is his responsibility to advise the Court of a change of address and that failure to do so may result in dismissal of his lawsuit. *See* Doc. [3] [5] [8] [10] [11] [27]. In fact, Plaintiff has filed notices of change of address on two prior occasions. Doc. [7] [13]. Thus, he was aware of this responsibility.

On October 4, 2021, the undersigned called Plaintiff's case for purposes of conducting the scheduled hearing. A video link was established with WCCF for purposes of conducting the hearing. Plaintiff did not appear for the video conference. Monica Carter, with the records

department at WCCF, participated in the hearing by telephone. She advised the Court that Plaintiff is not an inmate at WCCF; therefore, he would not be attending the hearing. Based on the foregoing, the Court finds that Plaintiff has failed to maintain a current address of record. The undersigned concludes that Plaintiff is no longer interested in pursuing his lawsuit. Accordingly, his complaint should be dismissed for failure to prosecute.

## RECOMMENDATION

The undersigned recommends that Plaintiff Christopher Dalton Brown's 42 U.S.C. § 1983 prisoner civil rights complaint be dismissed without prejudice based on his failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted

by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 5th day of October 2021.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE